Matthew M. Levy, J.
This is a motion by the defendant Scherer to preclude her codefendant, the City of New York, from offering any evidence in support of the allegations set forth in the city’s cross complaint against the movant, or, in the alternative, for an order directing the city to serve a supplemental bill of particulars.
This is an action wherein the plaintiffs claim damages against the city and the owner of the adjoining building as a result of a fall on a public sidewalk. The cross complaint of the defendant city against the defendant Scherer, the owner of the adjoining building, charges the latter with active negligence, and liability over to the city, claiming that the defendant Scherer created the condition of which the plaintiffs complain. It is generally obvious, therefore, that, until the plaintiffs prove at the trial the exact conditions of the public sidewalk that caused the fall and exactly where on the sidewalk the alleged defective repair took place, the defendant city should not be required to set forth these details with any further particularity than it has already done in the bill served. It appears, also, of necessity, that the defendant city at this time must await the proof of the allegations in the plaintiffs’ complaint before it can be definite and concise concerning the details of the alleged negligent repairs, if any, made by its codefendant upon the sidewalk.
In the circumstances disclosed by the instant papers (the relevant portions of which are set forth in the footnote*), the *958 defendant city has, as of this time, substantially complied with the order, and the motion to preclude is accordingly denied. Similarly, the alternative application for the service of a supplemental bill at this time is denied. But, in the event the defendant city obtains information concerning any of the items requested, by way of examination before trial or otherwise, it is directed to serve a further bill in respect thereof at least 30 days prior to the trial.

 In their complaint, the plaintiffs allege that the defendant Scherer had from time to time caused certain repairs to be made to the sidewalk in front of the premises 1588 York Avenue, New York City, and that the sidewalk was in a defective and broken condition at the time, and was the cause, of the accident.
In their bill of particulars, the plaintiffs stated that the “ accident complained of occurred on the public sidewalk in front of defendant Scherer’s premises and approximately thirty feet north of the main entrance of the said premises and approximately midway between the building line and curb line bounding the aforesaid public sidewalk and consisted of a broken and defective portion of the aforementioned public sidewalk which at some time prior to the happen *958 ing of this occurrence, had been partially, defectively and inexpertly repaired so as to leave the sidewalk in a broken, depressed and dangerous condition constituting a nuisance and a trap for the plaintiff and others lawfully using the public sidewalk.”
In its cross complaint against the defendant Scherer, the defendant City alleged, “ [u]pon information and belief, that some time prior to the date of this alleged accident, the defendant, Vera Scherer, her agents, servants and/or employees negligently and carelessly caused and created the alleged condition on the sidewalk in front of the aforementioned premises in that she undertook to make and did make repairs on the aforesaid sidewalk, and made said repairs in such a negligent, incomplete, inadequate and unskilled manner, so as to render the said sidewalk unsafe and dangerous to persons using the same.”
The defendant Scherer demanded that the defendant city “ state what repairs were made”, the “location of places where alleged repairs were made” and “ [i]n what manner were the repairs incomplete, inadequate, negligent and dangerous.”
In its bill of particulars, in response to the defendant Scherer’s demand, the defendant city states, upon information and belief, that the repairs were done to the public sidewalk, in front of premises 1588 York Avenue, New York City (the defendant Scherer’s adjoining building) “in such a manner as to cause the sidewalk to be in a defective and unreasonably safe condition, as alleged in the plaintiff’s complaint.”